UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FAAFOTUOVAALII M.,<br><br>                Plaintiff,<br>    v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. 3:23-cv-5284-TLF<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB") Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 6, Complaint.

On April 2, 2020, plaintiff filed an application for DIB alleging a disability onset date of December 31, 2013. AR 198. Plaintiff's date last insured is December 31, 2018. AR 15. Therefore, the period of consideration is from December 31, 2013 to December 31, 2018. Plaintiff's claims were denied initially and upon reconsideration. AR 65-72, 73-82. On November 16, 2021 a hearing was held before Administrative Law Judge ("ALJ") David Johnson. AR 30-64. On December 13, 2021, ALJ Johnson issued an unfavorable decision. AR 15-25.

The ALJ found plaintiff to have the following severe impairments: obesity, diabetes mellitus, gout, degenerative disease, kidney stones, and hypertension. AR 17. As a result, the ALJ found that plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), that does not require more than frequent balancing, stooping, kneeling, crouching, crawling, or climbing, but she is able to perform work that does not require more than frequent handling, fingering, or feeling. AR 19, 23-24.

## STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

DISCUSSION

**1. Plaintiff's statements regarding symptoms and limitations**

Plaintiff challenges the ALJ's evaluation of her testimony, arguing that the inconsistencies identified by the ALJ are "either irrelevant to the actual determination of disability or essentially baseless without reference or connection to what the ALJ is implying is inconsistent." Dkt. 10 at 4. Specifically, plaintiff challenges the ALJ's determination regarding why plaintiff left her last job and the fact that plaintiff applied for unemployment benefits and tried to find other work. Dkt. 10 at 4.

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of their symptoms for specific, clear and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

At the hearing plaintiff testified that her work ended in 2013 because she started not feeling good, her feet and hands were getting bad, she had an irregular heartbeat, and she was diabetic. AR 41. She also testified that she was laid off because she was not good at work anymore, the company was slowing down, and she did not know why they did not call her to come back to work but she always called to see if they had any

lighter work for her. AR 41-42. She further testified that after she was laid off she received unemployment benefits for two months. AR 42.

Here the ALJ gave several reasons for discounting plaintiff's testimony including inconsistencies with the medical record, lack of treatment, and that her testimony was reflective of her condition of the time of the hearing rather than the period at the issue. AR 20. However, plaintiff only challenges the ALJ's determination that plaintiff's testimony regarding her work activity was inconsistent with her assertion of disability during the period at issue. Dkt. 10 at 4. Because plaintiff does not challenge the ALJ's other reasons, she has not shown that the ALJ erred in discounting her testimony. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (ALJ's error in giving one reason to discount plaintiff's testimony is harmless if ALJ gives other, valid reasons).

Moreover, the reasons plaintiff does challenge – the fact that plaintiff was laid off and requested less demanding work from her employer and then continued to seek employment and receive disability undermined her assertion of disability – was a clear and convincing reason supported by substantial evidence. An ALJ may properly discount a claimant's allegations of disabling limitations by contrasting that testimony with plaintiff's continued work activity. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1221, 1227 (9th Cir. 2009).

Additionally, the ALJ properly discounted plaintiff's testimony because she received unemployment benefits and sought work from her former employer and elsewhere after she was laid off. *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir.

4

2014) (receipt of unemployment benefits can cast doubt on a claim of disability, as it shows that an applicant holds herself out as being capable of working).

Accordingly, the ALJ did not err in discounting plaintiff's testimony.

**2. Whether the ALJ harmfully erred in assessing plaintiff's RFC**

Plaintiff also asserts the limitations the ALJ included in the RFC did not accurately or completely reflect her symptoms and limitations. Dkt. 10 at 5-7. Specifically, plaintiff argues that the ALJ failed to include limitations of: diabetes mellitus, diabetic neuropathy, and obesity that that plaintiff testified to regarding her limited ability to walk and stand, and numbness in her feet. *Id*.

The ALJ is responsible for determining a plaintiff's RFC, which is the most a claimant can do despite existing limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c). 416.945(a). The RFC assessment must include all of the claimant's functional limitations supported by the record. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). It need not directly correspond to a specific medical opinion but may incorporate the opinions by assessing RFC limitations entirely consistent with, even if not identical to, limitations assessed by the physician. *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010). But if the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. *See* Social Security Ruling 96-8p.

Here, the ALJ discussed and considered the limitations caused by plaintiff's diabetes mellitus and neuropathy in her bilateral feet and noted that examinations throughout the record showed strong muscle, normal tone, steady gait, straight spine, and full range of motion. AR 20. This is supported by the record. AR 568, 458, 384, 349.

5

The ALJ also considered the fact that plaintiff was prescribed medications for treatment of diabetes but did not often take them, told providers that she generally did not check her blood sugars, and reported not following a diabetic diet. AR 21. This factual finding is supported by the record. AR 621, 535, 524, 433, 367. The ALJ considered plaintiff's use of an assistive device and found that plaintiff's providers did not document the use of an assistive device, nor did they recommend that plaintiff use an assistive device. AR 18.

As for plaintiff's obesity, the ALJ noted that "[t]he effects of obesity have been considered in making the residual functional capacity finding." AR 22.  As discussed above, the ALJ properly determined – and discounted plaintiff's testimony accordingly – that inconsistencies with continued work activity, inconsistency with the medical record, lack of treatment, and the fact that much of plaintiff's testimony was based on what was happening at the time of the hearing, rather her symptoms and limitations during the period at issue, undermined the reliability and credibility of plaintiff's statements. Limitations from properly discounted evidence do not need to be included in the RFC finding. *See Valentine*, 574 F.3d at 691-92. Therefore, plaintiff has not shown the ALJ erred when assessing the RFC.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.

Dated this 15th day of March, 2024.

Theresa L. Fricke
United States Magistrate Judge